# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sergio Santana Duran,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　　　　　　Respondent. | Case No.: 17cr1833-CAB; 18cv2384-CAB<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. SECTION 2255 [Doc. No. 25]** |

This matter is before the Court on Petitioner/Defendant Sergio Duran's motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. [Doc. No. 25.] The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. As explained below, the motion is **DENIED**.

## PROCEDURAL BACKGROUND

On October 17, 2018, Petitioner/Defendant Sergio Santana Duran ("Duran" or "Petitioner") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence, asserting a single claim for relief based upon an alleged ineffective assistance of counsel (hereinafter the "motion to vacate"). [Doc. No. 25.] On October 22, 2018, the Court issued an Order to Show Cause and set forth a briefing schedule as to the motion to

vacate. [Doc. No. 26.] On November 15, 2018, Respondent, United States of America ("Respondent") filed a partial response and motion for court order re: waiver of attorney-client privilege (hereinafter the "waiver motion"). [Doc. No. 28.]

In the waiver motion, Respondent argued that, by asserting a claim of ineffective assistance of counsel in the motion to vacate, Petitioner has waived the attorney-client privilege as to any and all communications that he had with his former attorney, Emerson Wheat, pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). Respondent sought an order holding that Petitioner has waived the attorney/client privilege as to all matters and facts presented in his petition/motion to vacate. [Doc. No. 28 at 4.]

To give Petitioner the opportunity to respond to the waiver motion, on November 19, 2018, this Court issued an order requiring Petitioner to respond to the waiver motion by January 7, 2019. The Court further ordered that if Petitioner did not respond by January 15, 2019, then the attorney-client privilege as to all communications between Petitioner and his former counsel would be deemed waived. Finally, the Court ordered the United States to respond to the motion to vacate by March 15, 2019, and Petitioner to reply by April 15, 2019. [Doc. No. 29.]

Petitioner did not respond to the waiver motion. Therefore, as of January 15, 2019, the attorney-client privilege as to all communications between Petitioner and his former counsel were deemed waived. On March 15, 2019, the United States filed a response, including a declaration from Duran's former counsel. [Doc. No. 30.] To date, no reply has been filed.

FACTUAL BACKGROUND

Sergio Santana Duran was charged by Information with Importation of Methamphetamine, in violation of Title 21, U.S.C. Sections 952 & 960. *See* 17-cr-1833-CAB, Doc. No. 10. Duran pled guilty to the single count information pursuant to a plea agreement. [Doc. Nos. 14, 16.]

During the change of plea colloquy, Duran confirmed that he read the plea agreement, discussed the plea agreement with his attorney, and understood the plea agreement. [*See* Doc. No. 30-1, Tr. of Change of Plea, 6–7.] In addition to the standard set of advisals, Duran was advised of the ten-year mandatory minimum, *id*. at 9, and the sentencing guidelines, including that the sentencing guidelines were advisory, *id*. at 11. Duran expressed that he understood the interaction between the sentencing guidelines and the mandatory minimum. [*Id.* at 12.] After being so advised, Duran pled guilty and a pre-sentence report was ordered. [*Id.* at 13.]

The probation department prepared and filed Duran's Pre-sentence Report. [Doc. No. 19.] According to the report, Duran was convicted on June 6, 2009, for violating California Health & Safety Code 11378, Possession of a Controlled Substance for Sale, a felony, and was sentenced to 16 months prison. [*Id*. at ¶ 35.] Duran was also convicted on March 20, 2005, for violating California Health & Safety Code 11378, Possession of a Controlled Substance for Sale, a felony, and was sentenced to two years prison. [*Id*. at ¶ 33.] Both convictions scored for purposes of calculating criminal history points, and Duran was determined to be a career offender. [*Id*. at ¶ 20, 41.]

Duran was then sentenced by this Court. Duran's counsel, Emerson Wheat, did not have any objections to the pre-sentence report. [*See* Doc. No. 30-2, Tr. of Sent. Hr'g, 2.] Both parties recommended a mandatory minimum sentence of 120 months. [*Id*. at 2–3.] After calculating the sentencing guidelines using the career offender guidelines, this Court sentenced Duran to the mandatory minimum of 120 months. [*Id*. at 10–12.]

## LEGAL STANDARD

Defendant's motion to vacate his sentence arises under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

3

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

DISCUSSION

Duran argues that his former counsel was ineffective at sentencing because he did not object to a determination that Duran was a career offender. [Doc. No. 25.]

To prevail on a claim that counsel's assistance was so defective as to require reversal of a conviction, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper standard for evaluating attorney performance is whether the assistance was reasonably effective under the circumstances. *Id*. at 690. Judicial scrutiny of defense counsel's performance must be "highly deferential," and a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id*. at 689. Prejudice is shown when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Duran argues that his former counsel was ineffective because Duran was improperly considered a career offender[1] because his predicate convictions were

---

[1] According to United States Sentencing Guidelines (U.S.S.G.) §4B1.1:
    A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instance offense of conviction; (2) the instance offense of conviction is a felony that is either a crime of violence or a controlled substance

4

"attempts" to possess controlled substances. [Doc. No. 25 at 14-15.] According to the Presentence Report, the predicate offenses were two convictions for violating California Health & Safety Code 11378, Possession of a Controlled Substance for Sale. [Doc. No. 19 at ¶¶33, 35.] These predicate offenses are not "attempt" convictions. Moreover, under the Sentencing Guidelines, "[c]ontrolled substance offense' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. §4B1.2, Application, Note 1. Thus, even if Duran's convictions are "attempted" controlled substance offenses, they still classify as predicate offenses under U.S.S.G. §4B1.1. Accordingly, Duran was properly considered a career offender.

Finally, even if Duran's former counsel had been deficient, Duran suffered no prejudice from the career offender determination. Prior to sentencing, Duran was advised about the mandatory minimum, [*see* Doc. No. 30-1 at 9, 12, Doc. No. 30-3, Wheat Decl., at ¶ 9], and the sentencing guidelines, [*see* Doc. No. 30-1 at 11, Doc. No. 30-3 at ¶ 8]. Defense counsel discussed the career offender guidelines with Duran and explained that, although he is a career offender for purposes of guideline calculations, the Court has authority to sentence Duran down to the mandatory minimum. [*See* Doc. No. 30-3 at ¶¶ 8, 9.] At sentencing, defense counsel and the United States recommended 120 months custody, the mandatory minimum. More specifically, defense counsel argued that "[t]he Career Offender Guidelines yields a sentence that is greater than necessary to achieve the objectives of 18 U.S.C. § 3553." [Doc. No. 30-3 at ¶ 10.] Regardless of his career offender status, this Court sentenced Duran to the lowest possible sentence under the presently applicable circumstances: 120 months in custody. Even if Duran was not a career offender, 120 months was still the lowest possible sentence he may have legally received. Therefore, Duran was not "prejudiced . . . to a degree that, but for counsel's

---

offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

errors, there is a reasonable probability that the result would have been different." *Strickland*, 466 U.S. at 688.

CONCLUSION

For the reasons set forth above, the motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255 [Doc. No. 25] is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 19, 2019

Hon. Cathy Ann Bencivengo
United States District Judge